# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**KENNETH F. DAVIS**  **PLAINTIFF**
ADC #127248

v.  No: 5:18-cv-00001 BRW-PSH

**JARRED SHERRILL,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Kenneth F. Davis filed a motion (Doc. No. 124) asking the Court to reconsider its order denying his motion to compel discovery (Doc. No. 118). In his motion to compel, Davis sought video footage from March 16, 2017. *See* Doc. No. 114. Defendants filed a response with declarations stating that the video footage no longer exists and was destroyed before Davis made any request to preserve it (Doc. No. 117). Davis moves for reconsideration because he submitted affidavits that are dated just after the March 2017 incident, in which he requested the video be preserved.[1] *See* Doc. No. 124 at 4 & 7.

Davis' motion for reconsideration is denied; the Court cannot compel the defendants to produce video footage they no longer have. Furthermore, to the extent Davis seeks sanctions pursuant to Federal Rule of Civil Procedure 37(e), he has not made the required showing. Davis has not demonstrated how the evidence he seeks is relevant to his case, how he is prejudiced by not having it, or that the defendants acted in bad faith by destroying it.[2] *See* Fed. R. Civ. P. 37(e);

---

[1] Davis also requested that video of a March 23, 2017 disciplinary hearing be retained, but it is not clear if he requested that video in discovery.

[2] The affidavits submitted by Davis do not prove the defendants acted in bad faith. It is not clear whether Davis timely submitted these affidavits to the defendants in an effort to preserve video. Additionally, the date of the affidavits does not match the date the notary signed them – curiously, the

*Sherman v. Rinchem Co.*, 687 F.3d 996 (8th Cir. 2012) (a spoliation instruction requires a finding that the party intentionally destroyed relevant evidence in bad faith). *See also Hallmark Cards v. Murley,* 703 F.3d 456, 460 (8th Cir. 2013) (to support a spoliation instruction, court must find that: (1) the destroying party acted in bad faith in failing to preserve evidence; and (2) the opposing party was prejudiced by the failure).

IT IS SO ORDERED this 14th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

notary dated them earlier than the date of the affidavits. *See* Doc. No. 124 at 4 dated March 24, 2017, and notarized on March 7, 2017; Doc. No. 124 at 7 dated August 28, 2017, and notarized on July 25, 2017.